UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEITH B. COLLINS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-919-MGG |
| SHERRI FRITTER, et al., | |
| Defendants. | |

OPINION AND ORDER

Keith B. Collins, a prisoner without a lawyer, is proceeding in this case against State Defendant Officer Jordon Hufford and Medical Defendants Sherri Fritter, Dr. Reinaldo Matias, and Dr. Daniel Rippetoe "for intentionally failing to promptly respond to his serious need for mental health treatment from December 22, 2017 through January 19, [2018], which led to his attempted suicide on January 18, 2018, in violation of the Eighth Amendment[.]" ECF 32 at 6. Specifically, Mr. Collins alleged in his complaint that he became severely depressed after his prescription for Wellbutrin was not refilled on or around December 29, 2017, which led to his attempted suicide on January 18, 2018. ECF 1. State Defendant Officer Hufford filed a motion for summary judgment. ECF 107. Mr. Collins filed a response to Officer Hufford's summary

judgment motion, Officer Hufford filed a reply, and Mr. Collins filed an unauthorized sur-reply.[1] ECF 130, 131, 132.

Medical Defendants Ms. Fritter, Dr. Matias, and Dr. Rippetoe also filed a joint motion for summary judgment. ECF 116. Mr. Collins did not respond to the Medical Defendants' summary judgment motion even though he got the notice required in Appendix C and the court instructed him to respond to the summary judgment motion by January 19, 2022. ECF 120. Because the deadline to respond to the Medical Defendants' summary judgment motion passed over one month ago and Mr. Collins has not filed a response or a motion for an extension of time to file a response, the court will now rule on both summary judgment motions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355,

---

[1] Northern District of Indiana Local Rule 56-1(b) provides an opportunity for only a single response. Nevertheless, the court has reviewed the contents of Mr. Collins' sur-reply, and concludes the arguments raised in the sur-reply have no impact on the disposition of this case.

358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Under the Eighth Amendment, prison officials have a duty to ensure inmates receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for an Eighth Amendment violation, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendants acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

3

"Suicide is a 'serious harm' and prison officials must take reasonable preventative steps when they are aware that there is a substantial risk that an inmate may attempt to take his own life." *Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). "In order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Id.* Where, as here, a prisoner told a prison official "that he was suicidal, that alone should have been enough to impute awareness of a substantial risk of suicide." *Sanville v. McCaughtry*, 266 F.3d 724, 737-38 (7th Cir. 2001) (quotation marks omitted). Suicide watch is "a preventative safety measure that may be part of a state actor's constitutional obligation to provide reasonable safety to a detainee." *Collignon v. Milwaukee Cty*, 163 F.3d 982, 990 (7th Cir. 1998).

   I.   **State Defendant Officer Hufford**

Mr. Collins alleged in his complaint that Officer Hufford violated his Eighth Amendment rights by failing to place him on suicide watch on January 18, 2018, despite knowing of a substantial risk of suicide. ECF 1 at 8-9. The relevant facts are as follows: On January 18, 2018, Mr. Collins was housed in the A block of the PC cell house at Indiana State Prison. ECF 107-1 at 99-100. Officer Hufford was working in the cell house that day. *Id.* at 101. Officer Hufford roved around the cell house to check on Mr. Collins and other offenders, and checked on Mr. Collins approximately every thirty minutes. *Id.* at 101, 106-07. On the morning of January 18, 2018, Mr. Collins began feeling suicidal during recreation. *Id.* at 26-28. Mr. Collins communicated his concerns to Officer

4

Hufford and another correctional officer, Officer Hamel.[2] *Id.* at 27-28, 102. Mr. Collins told Officer Hufford on two occasions that he was suicidal and needed help. *Id.* at 103. Specifically, Mr. Collins informed Officer Hufford that he was feeling suicidal, had a history of suicide attempts, needed to be put on suicide watch, and would kill himself by slitting his wrists with a razor blade if he went back into his cell. ECF 130 at 2-3. Officer Hamel contacted Dr. Matias and other mental health department staff several times while both Mr. Collins and Officer Hufford were present. ECF 107-1 at 28-29, 64, 103. After the phone conversation with Dr. Matias, Officer Hamel told Mr. Collins he "would have to wait." *Id.* at 65. When the recreation period ended, Officer Hufford allowed Mr. Collins to return to his cell without placing him on suicide watch. *Id.* at 101-02. Once Mr. Collins returned to his cell, he cut himself with a razor. *Id.* at 101-02, 107. Mr. Collins' neighbor alerted the correctional officers, and the correctional officers responded to the situation. *Id.* at 102. Because neither Mr. Collins nor Officer Hufford disputes any of these facts, the court accepts these facts as undisputed for the purposes of ruling on Officer Hufford's summary judgment motion.

Officer Hufford argues the undisputed facts show he was not deliberately indifferent to Mr. Collins' safety for two reasons. ECF 108. First, Officer Hufford argues it is undisputed that correctional staff contacted mental health staff several times regarding Mr. Collins' suicidal feelings and were told by mental health staff that Mr. Collins "would just have to wait." *Id.* at 4. Mr. Collins responds Officer Hufford was

---

[2] Officer Hamel a/k/a Officer Haimer was initially listed as a defendant in this action but was dismissed due to lack of service. ECF 97.

5

deliberately indifferent because Officer Hufford did not place Mr. Collins on suicide watch and allowed him to return to his cell at the end of recreation despite Mr. Collins informing Officer Hufford that he was feeling suicidal, had a history of suicide attempts, needed to be put on suicide watch, and would slit his wrists with a razor blade if he went back into his cell. ECF 130 at 2-3, 5-6. Second, Officer Hufford argues he was not deliberately indifferent because it is undisputed he regularly checked on Mr. Collins to make sure he was okay. ECF 108 at 4. Mr. Collins responds Officer Hufford did not "regularly check" on him, but instead only checked on him every thirty minutes while he made his rounds, which did not prevent him from attempting to commit suicide. ECF 130 at 3-5.

Here, Mr. Collins has provided evidence Officer Hufford knew of a substantial risk of suicide, as he testified he told Officer Hufford he was suicidal and asserts in his verified response he informed Officer Hufford he would commit suicide once he returned to his cell. *See Turbin*, 226 F.3d at 529; *Sanville,* 266 F.3d at 737-38. Moreover, Mr. Collins has provided evidence Officer Hufford failed to take reasonable steps to prevent his suicide by allowing him to return to his cell at the end of recreation without placing him on suicide watch. *See Turbin*, 226 F.3d at 529; *Collignon*, 163 F.3d at 990. In his reply, Officer Hufford argues he was not deliberately indifferent because he relied on Dr. Matias's determination not to place Mr. Collins on suicide watch. ECF 131 at 1-2. However, there is no evidence Dr. Matias instructed Officer Hufford not to place Mr. Collins on suicide watch, and Mr. Collins has provided undisputed testimony that he has been placed on suicide watch before and that a correctional officer may place an

6

inmate on suicide watch without a doctor's order. ECF 107-1 at 68-69; ECF 130 at 3. Construing these facts in the light most favorable to Mr. Collins, a reasonable jury could conclude Officer Hufford was cognizant of a significant likelihood that Mr. Collins may imminently seek to take his own life and failed to take reasonable steps to prevent Mr. Collins from performing this act. *See Turbin*, 226 F.3d at 529; *Collignon*, 163 F.3d at 990; *Sanville*, 266 F.3d at 737-38.

Lastly, Officer Hufford argues he is entitled to qualified immunity because his conduct was not unconstitutional under clearly established Seventh Circuit precedent. ECF 106 at 5-6. However, construing the facts in the light most favorable to Mr. Collins, Officer Hufford's failure to place Mr. Collins on suicide watch despite Officer Hufford's knowledge of a substantial risk of suicide potentially violated Mr. Collins' constitutional rights based on clearly established Seventh Circuit precedent. *See Turbin*, 226 F.3d at 529; *Collignon*, 163 F.3d at 990; *Sanville*, 266 F.3d at 737-38. Accordingly, summary judgment is not warranted in favor of Officer Hufford.

## II. Medical Defendants

To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

7

### a. *Ms. Fritter*

Mr. Collins is proceeding against Ms. Fritter, the Health Services Administrator at Indiana State Prison, based on his assertion Ms. Fritter knew of his complaints of suicidal thoughts and issues with his Wellbutrin medication prior to his suicide attempt but did nothing to help. ECF 32 at 2. Ms. Fritter argues she was not deliberately indifferent to Mr. Collins' medical needs because she did not have knowledge of his suicidal thoughts or any issue with his Wellbutrin medication prior to his suicide attempt. ECF 117 at 10-12.

Ms. Fritter attests to the following facts, which the court accepts as undisputed.[3] Ms. Fritter is not a physician and does not have the authority to issue or modify prescriptions. ECF 118 at 156. Ms. Fritter has never prevented Mr. Collins from receiving a prescribed medication. *Id.* At no time prior to Mr. Collins' suicide attempt in January 2018 was Ms. Fritter informed, including by an offender grievance or healthcare request form, that Mr. Collins was claiming he was not receiving Wellbutrin. *Id.* Mr. Collins has no healthcare request forms from prior to his suicide attempt that contain Ms. Fritter's signature or that otherwise indicate they were reviewed by Ms. Fritter. *Id.* at 157. Ms. Fritter was not aware of any problems pertaining to Mr. Collins receiving Wellbutrin prior to his suicide attempt in January 2018. *Id.*

---

[3] Because Mr. Collins did not respond to the Medical Defendants' summary judgment motion, the Court may accept the facts alleged in Ms. Fritter's affidavit as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .") Nevertheless, the court will consider Mr. Collins' deposition testimony and his response to Officer Hufford's summary judgment motion to the extent it is applicable to his claims against the Medical Defendants.

Here, Mr. Collins testified in his deposition Ms. Fritter should have been aware of his medical needs prior to his suicide attempt for two reasons. ECF 107-1 at 42-43, 52-53. First, Mr. Collins testified he wrote Ms. Fritter's name at the top of healthcare request forms he submitted. ECF 107-1 at 52-53, 56. However, Ms. Fritter attests that: (1) writing her name at the top of a healthcare request form would not cause the form to be sent to her, as there are several medical staff members who review the healthcare request forms and take the appropriate actions to provide treatment; and (2) she was not informed by a healthcare request form of Mr. Collins' issues with his Wellbutrin prior to his suicide attempt. ECF 118 at 156-57. Second, Mr. Collins testified Ms. Fritter was alerted of his complaints during an investigation into one of his offender grievances. ECF 107-1 at 42-43. However, Ms. Fritter attests she was not informed during a grievance review that Mr. Collins was claiming he was not receiving Wellbutrin, and Mr. Collins provides no evidence refuting this attestation. ECF 118 at 156. Thus, because Ms. Fritter has provided undisputed evidence she had no knowledge of Mr. Collins' medical needs prior to his suicide attempt, no reasonable jury could conclude she violated Mr. Collins' Eighth Amendment rights. *See Board*, 394 F.3d at 478 (to be liable for deliberate indifference, "the defendant must have known that the plaintiff was at serious risk of being harmed"); *Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006) ("speculation or conjecture will not defeat a summary judgment motion"); *Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 959 n.5 (7th Cir. 2021) ("While Igasaki is entitled, as the nonmoving party, to all reasonable inferences in his favor, inferences that are supported by only speculation or conjecture will not defeat a

9

summary judgment motion") (quotation marks, brackets, and citation omitted). Summary judgment is thus warranted in favor of Ms. Fritter.

    b. *Dr. Matias*

Mr. Collins is proceeding against Dr. Matias based on his assertion Dr. Matias failed to take preventative safety measures after Officer Hamel informed him Mr. Collins was suicidal on January 18, 2018. ECF 32 at 2-3. Specifically, Mr. Collins testified Officer Hamel informed Dr. Matias on the phone of Mr. Collins' suicidal feelings and Dr. Matias responded that Mr. Collins would have to wait to speak to a mental health specialist. ECF 107-1 at 61-64, 78. Dr. Matias argues no reasonable jury could conclude he was deliberately indifferent because Mr. Collins offers only his own speculation regarding what actions Dr. Matias took or failed to take on January 18, 2018. ECF 117 at 13-14.

Here, Mr. Collins offers no admissible evidence regarding what actions Dr. Matias took or failed to take on January 18, 2018. Specifically, Dr. Matias was only involved in the events of January 18 through a phone conversation with Officer Hamel, and Mr. Collins offers no evidence from either Dr. Matias or Officer Hamel regarding what Dr. Matias told Officer Hamel on the phone. Instead, Mr. Collins offers only his own speculation regarding what was said during the phone conversation. Because Mr. Collins admitted he could not hear what Dr. Matias told Officer Hamel on the phone, his speculation regarding what transpired during the phone conversation is insufficient

to survive summary judgment.[4] *See* ECF 101-1 at 63-65; *Johnson*, 433 F.3d at 1012; *Igasaki*, 988 F.3d at 959 n.5. Thus, based on the admissible evidence before the court, no reasonable jury could conclude Dr. Matias violated Mr. Collins' Eighth Amendment rights. Summary judgment is warranted in his favor.

    c. *Dr. Rippetoe*

Mr. Collins is proceeding against Dr. Rippetoe based on his assertion Dr. Rippetoe failed to submit a renewal for his Wellbutrin on December 29, 2017. ECF 32 at 2. However, Mr. Collins testified at his deposition that Dr. Rippetoe did what he was supposed to do, was not deliberately indifferent to his medical need, and should be dismissed from this action. ECF 107-1 at 78-80. Thus, because Mr. Collins offers no evidence Dr. Rippetoe was deliberately indifferent to his medical need, summary judgment is warranted in Dr. Rippetoe's favor.

For these reasons, the court:

(1) GRANTS the Medical Defendants' motion for summary judgment (ECF 116);

(2) DENIES State Defendant Officer Hufford's motion for summary judgment (ECF 107);

---

[4] Mr. Collins' testimony regarding what Officer Hamel told him about her conversation with Dr. Matias is not admissible against Dr. Matias under Fed. R. Evid. 801(d)(2), as it only covers statements made by the party against whom the statements are offered. Because the statements Mr. Collins testified to were made by Officer Hamel, a non-party in this action, they are not admissible as opposing party admissions against Dr. Matias. *See Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017). This same testimony was admissible against Officer Hufford because he accepted the testimony as an undisputed fact, whereas Dr. Matias has not.

(3) DISMISSES Sherri Fritter, Dr. Reinaldo Matias, and Dr. Daniel Rippetoe from this action; and

(4) REMINDS the parties this case is now proceeding only on Keith B. Collins' claim against State Defendant Officer Hufford for compensatory and punitive damages for intentionally failing to promptly respond to his serious need for mental health treatment on January 18, 2018, which led to his attempted suicide, in violation of the Eighth Amendment.

SO ORDERED on February 24, 2022

                                                    s/Michael G. Gotsch, Sr.
                                                    Michael G. Gotsch, Sr.
                                                    United States Magistrate Judge